(12 Misc. Rep. 357.)

DALZELL v. FAHY'S WATCH–CASE CO.

(Superior Court of New York City, General Term. May 6, 1895.)

REFERENCE—WHEN DENIED.

Where the complaint sets forth only a common-law action, and it does not appear that the trial of the issues will require the examination of a long account, a motion for a reference should not be granted.

Appeal from special term.

Action by Allan C. Dalzell against the Fahy's Watch-Case Company. From an order granting a motion of plaintiff for a reference, defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Wilber & Oldham, for appellant.
Wetmore & Jenner, for respondent.

FREEDMAN, J. The motion papers, upon which the plaintiff moved for an order referring the issues in the action to a referee to hear and determine the same, fail to show that the trial of the issues will require the examination of a long account. The character of the action has to be determined from the complaint, and the complaint sets forth a common-law action only. For these reasons the motion for a reference should have been denied. There was no power to compel a reference against the objection of either party. The motion was really and avowedly made by the plaintiff, however, to obtain, by means of a reference, a discovery and inspection of defendant's books. A motion for such discovery and inspec-

tion had therefore been made by the plaintiff, and denied by the special term, and the order denying that motion had, on plaintiff's appeal, been affirmed by the general term of this court.  25 N. Y. Supp. 800.  In the struggle over this attempt on the part of the plaintiff to accomplish indirectly what had been denied to him on his direct application, the learned judge who heard the motion for a reference was induced to make an order granting such motion, unless the defendant make and serve a stipulation in writing that the cause be tried at special term, and denying the motion if the defendant so stipulate.  The defendant did so stipulate.  The plaintiff then appealed from the order on the ground of want of power in the court to compel a trial of the issues at special term.  The counsel for the respondent, in the brief submitted on this appeal, has conceded that, if the plaintiff desires a trial by jury, he can still have it; that the stipulation signed by the defendant does not bind the plaintiff; and that the utmost effect of the stipulation is to give the plaintiff an option to try the case at special term.  Under all the circumstances, it is clear that there was neither power to refer nor power to compel a trial at special term.  The order appealed from should be reversed, without costs, and plaintiff's motion for a reference denied unconditionally, without costs.